UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   1:18-cv-23320-KMW

CHRISTOPHER DWECK,

      Plaintiff,

vs.

CITY OF MIAMI SPRINGS, SERGEANT
ALBERT SANDOVAL, AND UNKNOWN
CITY OF MIAMI SPRINGS POLICE
OFFICERS,

      Defendants.

_____/

**DEFENDANT, CITY OF MIAMI SPRINGS', MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND TO STRIKE REQUEST FOR PUNITIVE
DAMAGES AND SUPPORTING MEMORANDUM OF LAW**

      COMES NOW, Defendant, CITY OF MIAMI SPRINGS ("City" or "Defendant"), by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court for the entry of an order dismissing the Complaint [DE 1] filed by Plaintiff Christopher Dweck ("Plaintiff") and striking Plaintiff's request for punitive damages, and as grounds states:

**I.      Introduction**

      1.      Plaintiff alleges that the City deprived him of his right to be free from an illegal search and seizure by subjecting him to a drug test following his involvement in a hit and run accident while he was on duty and that the City further unlawfully disseminated the results of the drug test. [DE 1], generally.

2.	Plaintiff has asserted a municipal liability claim against the City (Count I) under 42 U.S.C. § 1983 and has further sued the City for declaratory relief (Count IV).[1]

3.	Count I fails to state a valid claim upon which relief can be granted for violation of Plaintiff's constitutional rights.

4.	In addition, both claims are barred because Plaintiff failed to exhaust requisite remedies set forth by the CBA.

5.	As to the claim for declaratory relief, Plaintiff lacks standing seek a declaration of his rights as he is no longer an employee of the City and therefore has no rights under the governing collective bargaining agreement ("CBA").

6.	Finally, Plaintiff's request for punitive damages against the City must be stricken.

## II. Memorandum of Law

### A. No valid 42 U.S.C. § 1983 municipal liability claim (Count I)

Section 1983 permits a civil cause of action for any person deprived of any rights, privileges, or immunities secured by the Constitution and other laws by another person acting under color of law. This statute *"'is not itself a source of substantive rights,' but merely*

---

[1] Plaintiff has also asserted a 42 U.S.C. § 1983 individual liability claim against Sergeant Albert Sandoval (Count II). Sergeant Sandoval has simultaneously moved to dismiss that claim. In Count III, Plaintiff alleges that "*unknown [City] police officers violated Plaintiff's "Fourteenth Amendment privacy rights*..." See Count III of [DE 1]. That claim is impossible to respond to as Plaintiff entirely failed to identify the individuals that were purportedly involved in the wrongdoing and the extent to which such individuals were involved. Fed. R. Civ. P. 8(a)(2); *Kyle v. Chapman*, 208 F. 3d 940, 944 (11th Cir. 2000). Count III should therefore be stricken or Plaintiff should be required to plead a more definite statement. To the extent that Plaintiff is attempting to assert substantive and/or procedural due process violations under the Fourteenth Amendment against the City, the City moves for a more definite statement with respect to such claim(s).

*provides 'a method for vindicating federal rights elsewhere conferred.'"* <u>Albright v. Oliver</u>, 510 U.S. 266, 271, (1994); see also <u>Whiting v. Traylor</u>, 85 F.3d 581, 583 (11th Cir. 1996) ("***Section 1983 is no source of substantive federal rights***.") (emphasis added).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: *"(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."* <u>Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting <u>Bannum, Inc. v. City of Ft. Lauderdale</u>, 901 F.2d 989 (11th Cir. 1990)). *"The first step in any such claim [under 42 U.S.C. § 1983] is to identify the specific constitutional right allegedly infringed."* <u>Albright</u>, 510 U.S. at 271.

### 1. <u>No unlawful search or seizure regarding drug test</u>

The crux of Plaintiff's complaint hinges upon Plaintiff's belief that he was improperly subjected to a drug test in the absence of reasonable suspicion after he was struck by a hit and run driver in his police car while on duty. [DE 1], generally. The CBA specifically provides that the City's Drug Free Workplace Policy - Administrative Order 94-7- was "*adopted by the City pursuant to the provisions of Chapter 440.102 Florida Statutes and Chapter 38F-9 of the Florida Administration Code.*" See CBA at pg. 66.

In turn, Fla. Stat. 440.102, which provides for Florida's Drug-Free Workplace Program requirements, states in relevant part:

> "*Reasonable-suspicion drug testing*" *means drug testing based on a belief that an employee is using or has used drugs in violation of the employer's policy drawn from specific objective and articulable facts and reasonable inferences drawn from those facts in light of experience. Among other things, such facts and inferences may be based upon:*

> *5. Information that an employee has caused, contributed to, **or been involved in an accident while at work**.*
>
> *Fla. Stat. § 440.102(n) (emphasis added).*

In Hudson v City of Riviera Beach, 2014 WL 1877412, at *5-6 (S.D. Fla. May 9, 2014), the plaintiff employee alleged, in part, that the defendant city's drug policy did not contain a definition for "*reasonable suspicion*" and that he was improperly subjected to a drug test. The Court rejected the plaintiff's arguments and dismissed his 42 U.S.C. § 1983 Monell claim against the city accordingly. Id. at 6, 14. In dismissing the U.S.C. § 1983 Monell claim, the Hudson Court specifically acknowledged that the defendant city's drug policy was adopted pursuant to the provisions of § 440.102, Fla. Stat. and declined to impose § 1983 Monell liability against the city on the basis that the policy itself was unconstitutional. Id. at 5-6. The Court further concluded that:

> *Although Hudson attempts to challenge the policy itself, it is evident that Hudson's claims primarily stem from the fact that the individual Defendants purportedly did not comply with the drug policy's reasonable-suspicion requirement in ordering that Hudson be tested. But Defendants' failure to abide by the policy provides no basis for establishing liability against the City, as this would amount to nothing more than a respondeat superior theory of liability, which the Supreme Court expressly rejected in Monell. Since the factual allegations in the Second Amended Complaint fail to show that the drug policy itself was unconstitutional, the Court declines to impose liability on the City on this basis.*

*Sub judice*, Plaintiff affirmatively alleges that he was "*involved in a hit and run accident while he was on duty*" and "*while on a traffic call accident*." [DE 1] at ¶¶ 10-11. The CBA explicitly incorporates the provisions of § 440.102, Fla. Stat., which enumerates the notion that reasonable suspicion drug testing may be based on the fact that an employee was "*involved in an accident while at work*." Fla. Stat. § 440.102(n). And the Plaintiff has

failed to allege how the City's drug testing policy was otherwise unconstitutional.[2]

As Plaintiff was "involved" in an accident while he was on duty, the subsequent drug test relating to this accident does not constitute an unlawful search or seizure under the Fourth Amendment. Count I should be dismissed.

### 2. No constitutional violation regarding dissemination of drug test results

Plaintiff has further failed to allege any facts related to the exact constitutional right that he believes was infringed upon by the City regarding the City's purported "unlawful" dissemination of his drug test results. [DE 1], generally. Because the Complaint is devoid of any allegations addressing the specific constitutional right at issue regarding such alleged dissemination (and any facts establishing how, to whom, or when the information was allegedly disseminated), Count I should be dismissed.

### 3. No unconstitutional policy or custom alleged

In addition, the City can only be liable under § 1983 *"when execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ."* of which Plaintiff complains. Monell v. Dep't. of Social Services, etc., 436 U.S. 658, 691 (1978); Mercado v. City of Orlando, 407 F.3d 1152 (11th Cir. 2005); Sewell v. Town of Lake Hamilton, 117 F.3d 488, 489 (11th Cir. 1997). To establish the City's § 1983 liability based on a "custom," Plaintiff

---

[2] It is largely unclear whether Plaintiff is even contending that the City's policy is unconstitutional as a whole or whether he is simply contending that the City did not comply with its policy when it drug tested him following his involvement in an accident while on duty. Either way, as discussed *supra* and *infra*, Plaintiff cannot maintain a viable Monell claim against the City.

must allege **facts** establishing an unconstitutional practice so widespread that, *"although not authorized by written law or express municipal policy,"* it is *"so permanent and well settled as to constitute a custom or usage with the force of law."* Brown v. City of Fort Lauderdale, 923 F. 2d 1474, 1481 (11th Cir. 1991). The allegations must reflect a practice so *"long-standing and widespread,"* that it can be *"deemed authorized by the policy-making officials because they must have known about it but failed to stop it."* Id.

A failure to prevent an isolated incident, however, cannot be deemed tacit approval. *"Random or isolated incidents are insufficient to establish a custom or policy."* Depew v. City of St. Mary's, 787 F. 2d 1496, 1499 (11th Cir. 1986); Owaki v. City of Miami, 491 F. Supp. 2d 1140, 1158 (S.D. Fla. 2007).

Plaintiff's Complaint is devoid of any allegations of fact establishing a long-standing City custom or policy of conducting improper drug tests on its police officers. While the Complaint generally alleges that the City has a *"de facto policy to drug test police officers without reasonable suspicion"* and identifies other City police officers by name who allegedly have been subjected to drug testing, it does not cite to a single incident similar to the incident Plaintiff complains of. [DE 1] at ¶¶ 31-32.[3] Plaintiff has proffered no facts which would establish that any City policy or custom was the "moving force" behind Plaintiff's purported constitutional deprivation as required by Monell, supra. The §1983 claim against the City must be dismissed.

---

[3]The same holds true for the Plaintiff's blanket allegation that the City has a "*de facto policy to disseminate confidential drug test results.*" [DE 1] at ¶ 33. Even if the purported dissemination of drug test results infringed upon a constitutional right (it does not), Plaintiff has failed to set forth any factual detail regarding a purported custom or policy of dissemination.

### 4. No § 1983 "failure to train" claim stated

Plaintiff has only conclusorily alleged that the City "*failed to adequately train police officers that suspicion-less drug testing is unlawful...*" [DE 1] at ¶ 33. The appearance of the requisite "buzz words" aside, Plaintiff has failed to state a viable §1983 "failure to train" claim.

The City *"is not automatically liable under § 1983 even if it inadequately trained or supervised its police officers and those officers violated [the plaintiffs'] constitutional rights.* ***Instead, the Supreme Court has explained that there are only 'limited circumstances' in which an allegation of a failure to train or supervise can be the basis for liability under § 1983.*"* Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998)(emphasis added), citing City of Canton v. Harris, 489 U.S. 378, 387 (1989). *"These 'limited circumstances' occur only where the municipality inadequately trains or supervises its employees, this failure to train or supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights."* Gold, 151 F.3d at 1350-51; citing Harris, 489 U.S. at 389-91; Kerr v. City of West Palm Beach, 875 F.2d 1546, 1555 (11th Cir. 1989); Board of County Comm'rs v. Brown, 520 U.S. 397 (1997).

*"A plaintiff may prove a city policy by showing that the municipality's failure to train evidenced a 'deliberate indifference' to the rights of its inhabitants."* Gold, 151 F.3d at 1351-52; citing Harris, 489 U.S. at 388-89. *"To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train or supervise in a particular area and the municipality made a*

*deliberate choice not to take any action."* Gold, 151 F.3d at 1351-52; citing Board of County Comm'rs v. Brown, 520 U.S. 397 (1997); Young v. City of Augusta, 59 F.3d 1160, 1171-72 (11th Cir.1995); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990); Kerr v. City of West Palm Beach, 875 F.2d 1546, 1556-57 (11th Cir.1989).

The Eleventh Circuit *"repeatedly has held that without notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise."* Gold, 151 F.3d at 1351-54 (claim under §1983 invalid in the absence of prior constitutional violations involving disorderly conduct statute); Church v. City of Huntsville, 30 F.3d 1332, 1342-46 (11th Cir.1994) (plaintiffs not likely to succeed on the merits of failure-to-train claim without proof that municipality was aware of a prior incident in which constitutional rights were similarly violated); Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents put municipality on notice of a need to train); Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir.1990) (sheriff's department not liable for deputy's acts when *"no evidence of a history of widespread prior abuse ... put the sheriff on notice of the need for improved training or supervision"*); Brooks v. Scheib, 813 F.2d 1191, 1193 (11th Cir.1987) (ten citizen complaints about defendant officer insufficient to put municipality on notice because plaintiff *"never demonstrated that past complaints of police misconduct had any merit"*).

*Sub judice*, Plaintiff's Complaint contains no allegations of similar incidents and purported resulting constitutional violations to establish a known need for training. Plaintiff

does not allege any widespread problem involving improper drug testing. He merely alleges that other officers have been "*tested without reasonable suspicion*" without providing any factual detail whatsoever regarding these generalized purported incidents. These allegations are simply insufficient to show that the City was on notice of a need to train and deliberately chose not to act. Count I should be dismissed.

### B. Plaintiff failed to exhaust remedies under the CBA (Counts I and IV)

Both of Plaintiff's claims are barred because Plaintiff failed to exhaust grievance remedies specifically enumerated by the CBA. *"[A]n employee is required to attempt to exhaust any grievance or arbitration remedies provided in the collective bargaining agreement."* DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 163 (1983); Dixon v. Pub. Health Tr. of Dade Cty., 567 F. App'x 822, 827 (11th Cir. 2014) ("*As a general rule, plaintiffs claiming breach of a collective bargaining agreement or wrongful termination of employment by their employer are bound by that agreement's terms providing a method for resolving disputes between them and their employer.*"); Glover v. St. Louis-San Francisco Ry. Co., 393 U.S. 324, 330 (1969) ("[*I]t is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement...*").

*Sub judice,* Plaintiff explicitly acknowledges that his [former] employment with the City arises under the CBA. [DE 1] at ¶¶ 9, 27. Article 17 of the CBA, titled "Grievance and Arbitration Procedures" provides that Plaintiff must adhere to the grievance process set forth by the CBA involving any *"application or interpretation of [the CBA]"* and as related to "*a*

*dispute about alleged violations of this [CBA]*." See CBA at Article 17, pgs. 22-26.[4]

Article 38 of the CBA governs the City's implementation of toxicology and alcohol testing of City police officers - including Plaintiff. See CBA at Article 38, pgs. 65-67. Article 38 specifically provides that "*all disputes arising out of the implementation of this article will be pursued under Article [17][5] of the agreement.*" See CBA at pg. 66.

Again, Plaintiff alleges that he was improperly subjected to a drug test following his "*involve[ment]*" in a hit and run automobile accident on October 8, 2017 and "*without reasonable suspicion*" for the test. [DE 1] at ¶¶ 10, 14, 31. Plaintiff further alleges that his drug test results were improperly disseminated to "*other police officers and unknown persons.*" Id. at ¶ 23. Under the CBA, Plaintiff was therefore **required** to arbitrate his qualms regarding the City's implementation of its drug testing policy against him in accordance with Articles 17 and 38 of the CBA. There are no allegations in the Complaint that Plaintiff did so (and he did not). [DE 1], generally. As Plaintiff failed to exhaust requisite grievance remedies enumerated by the CBA prior to bringing suit, Counts I and IV should be dismissed.

---

[4]Plaintiff attaches the CBA to his Complaint. See Exhibit 4 to the Complaint; [DE 1] at ¶ 60. The CBA is therefore part of the Complaint "*for all purposes.*" Fed.R.Civ.P. 10(c); Solis–Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("*Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.*").

[5]The CBA refers to Article 15 as the governing mechanism to pursue disputes arising out of Article 38. Article 15 is a savings clause regarding employee benefits. It is presumed that such notation is merely a typographical error.

### C.     Plaintiff lacks standing to pursue declaratory relief (Count IV)

Plaintiff seeks a declaration that the City "*failed to adhere to its drug testing requirements*," that his "*drug test results from October 8, 2017 are inconclusive*," and that "*the City be prohibited from disseminated [sic] Plaintiff's medical records...*"[DE 1] at ¶ 61. Plaintiff further alleges that the City[6] failed to adhere to its specific procedures "*regarding the confirmation of the drug test result agreed to by virtue of the collective bargaining agreement*." Id. at ¶ 60.

An aggrieved worker whose employment is governed by a collective bargaining agreement which establishes mandatory, binding grievance procedures and gives the union the exclusive right to pursue claims on behalf of aggrieved employees normally lacks standing independently to initiate grievance procedures, to sue for breach of the collective bargaining agreement, or to attack in court the results of the grievance process. McNair v. U.S. Postal Service, 768 F.2d 730, 735 (5th Cir.1985) ("*It is established that, if the union breached its duty of fair representation ... [h]e may sue his employer or his union or both but, in order to recover, he must prove that the union breached its duty of fair representation and that the employer breached the collective bargaining agreement*.").

*Sub judice*, Plaintiff was terminated by the City. [DE 1] at ¶ 9. Plaintiff therefore has no standing to pursue any declaratory relief regarding purported rights under the CBA and

---

[6] Plaintiff refers to the "*City of Miami Police Department*" rather than the City of Miami Springs within Count IV.  See [DE 1] at ¶¶ 57-60. It is presumed that this is a typographical error.

has no standing to sue the City regarding the implementation of it its drug policy as applied.[7] Count IV should be dismissed.

### D. No punitive damages

A municipality is immune from punitive damages unless expressly authorized by statute. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 260 (1981) (punitive damages are not recoverable against a municipality in a 42 U.S.C. § 1983 suit). Plaintiff's requests for an award of punitive damages are improper and should be stricken. [DE 1] at ¶¶ 40, 53.

WHEREFORE, the Defendant, CITY OF MIAMI SPRINGS, respectfully requests entry of an Order dismissing Counts I and IV of the Complaint filed by Plaintiff, CHRISTOPHER DWECK, and striking Plaintiff's requests for punitive damages against the City, together with such further relief deemed just and proper.

---

[7] Likewise, even if Plaintiff had rights under the CBA still (he does not), "*only the Union may file a grievance on behalf of a member of the bargaining unit...*"See CBA at Article 17, pg. 22. There are also no allegations that any duty of fair representation was breached. [DE 1], generally.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of September, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant City of Miami Springs and Sergeant Albert Sandoval**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
Railey@jambg.com


BY:   *s/Christopher J. Stearns*
         CHRISTOPHER J. STEARNS
         Florida Bar No. 557870
         JONATHAN H. RAILEY
         Florida Bar No. 111717

## SERVICE LIST

**RICK YABOR, ESQ.**
LAW OFFICE OF RICK YABOR, P.A.
**Attorneys for Plaintiff**
10689 North Kendal Drive, Suite 321
Miami, Florida 33176
Telephone:   (786) 773-3105
rick.yabor@yaborlaw.com


**SEBASTIAN OHANIAN, ESQ.**
LAW OFFICE OF SEBASTIAN OHANIAN, P.A.
**Attorneys for Plaintiff**
267 Minorca Avenue, Suite 100
Coral Gables, Florida 33134
Telephone:   (786)369-5447
Facsimile:   (786) 369-0915
Sebastian@OhanianLegal.com


**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant City of Miami Springs**
**and Sergeant Albert Sandoval**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
stearns@jambg.com
railey@jambg.com