UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:18-cv-23320-KMW

CHRISTOPHER DWECK,

     Plaintiff,

vs.

CITY OF MIAMI SPRINGS, SERGEANT
ALBERT SANDOVAL, AND UNKNOWN
CITY OF MIAMI SPRINGS POLICE
OFFICERS,

     Defendants.
_____/

**DEFENDANT, SERGEANT ALBERT SANDOVAL'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND SUPPORTING MEMORANDUM OF LAW**

COMES NOW, Defendant, SERGEANT ALBERT SANDOVAL'S ("Sandoval " or "Defendant"), by and through his undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves this Honorable Court for the entry of an order dismissing the Complaint [DE 1] filed by Plaintiff Christopher Dweck ("Plaintiff"), and as grounds states:

**I.**    **Introduction**

1. Plaintiff was drug tested following his involvement in a hit and run accident while he was on duty. [DE 1] at ¶¶ 10-11.

2. Sandoval, as Plaintiff's "*supervising officer... who was already on the scene [of the accident],*" instructed Plaintiff to return to the City of Miami Springs ("City") police

station to undergo a drug test "*immediately*" after the accident occurred. Id. at ¶ 13.

3. Plaintiff's employment with the City arose under and was governed by a collective bargaining agreement ("CBA"). Id. at ¶ 9, 27.

4. Plaintiff has asserted a 42 U.S.C. § 1983 individual liability claim against Sandoval (Count II) claiming that he was "*deprived of his right to be free from searches and seizures by virtue of his forced drug testing*" by Sandoval. Id. at ¶ 42.[1]

5. Count II fails to state a valid cause of action.

6. Qualified immunity bars Plaintiff's Count II claim against Sandoval.

## II. Argument

### A. No valid 42 U.S.C. § 1983 claim

Section 1983 permits a civil cause of action for any person deprived of any rights, privileges, or immunities secured by the Constitution and other laws by another person acting under color of law. This statute *"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"* Albright v. Oliver, 510 U.S. 266, 271, (1994); see also Whiting v. Traylor, 85 F.3d 581, 583 (11th Cir. 1996) ("**Section 1983 is no source of substantive federal rights**.") (emphasis added).

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: *"(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting*

---

[1] Plaintiff also asserted a 42 U.S.C. § 1983 municipal liability claim against the City (Count I) and sued the City for declaratory relief (Count IV). The City has simultaneously moved to dismiss those claims.

under color of law." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (quoting Bannum, Inc. v. City of Ft. Lauderdale, 901 F.2d 989 (11th Cir. 1990)). *"The first step in any such claim [under 42 U.S.C. § 1983] is to identify the specific constitutional right allegedly infringed."* Albright, 510 U.S. at 271.

**1.      No unlawful search or seizure regarding drug test**

The crux of Plaintiff's complaint hinges upon Plaintiff's belief that he was improperly subjected to a drug test in the absence of reasonable suspicion after he was struck by a hit and run driver in his police car while on duty. [DE 1], generally. The CBA[2] specifically provides that the City's Drug Free Workplace Policy - Administrative Order 94-7- was *"adopted by the City pursuant to the provisions of Chapter 440.102 Florida Statutes and Chapter 38F-9 of the Florida Administration Code."* See CBA at pg. 66.

In turn, Fla. Stat. § 440.102, which provides for Florida's Drug-Free Workplace Program requirements, states in relevant part:

> *"Reasonable-suspicion drug testing" means drug testing based on a belief that an employee is using or has used drugs in violation of the employer's policy drawn from specific objective and articulable facts and reasonable inferences drawn from those facts in light of experience. Among other things, such facts and inferences may be based upon:*
>
> *5. Information that an employee has caused, contributed to, **or been involved in an accident while at work**.*

Fla. Stat. § 440.102(n) (emphasis added).

---

[2]Plaintiff attaches the CBA to his Complaint. See Exhibit 4 to the Complaint; [DE 1] at ¶ 60. The CBA is therefore part of the Complaint *"for all purposes."* Fed.R.Civ.P. 10(c); Solis–Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir.1985) (per curiam) ("*Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.*").

In <u>Hudson v City of Riviera Beach</u>, 2014 WL 1877412, at *5-6 (S.D. Fla. May 9, 2014), the plaintiff employee alleged, in part, that the defendant city's drug policy did not contain a definition for "*reasonable suspicion*" and that he was improperly subjected to a drug test. The Court rejected the plaintiff's arguments and dismissed his 42 U.S.C. § 1983 claim against the city accordingly. <u>Id</u>. at 6, 14.  In dismissing the U.S.C. § 1983 claim, the <u>Hudson</u> Court specifically acknowledged that the defendant city's drug policy was adopted pursuant to the provisions of § 440.102, Fla. Stat. and declined to impose § 1983 liability against the city on the basis that the policy itself was unconstitutional. <u>Id</u>. at 5-6. The Court further concluded that:

> *Although Hudson attempts to challenge the policy itself, it is evident that Hudson's claims primarily stem from the fact that the individual Defendants purportedly did not comply with the drug policy's reasonable-suspicion requirement in ordering that Hudson be tested. But Defendants' failure to abide by the policy provides no basis for establishing liability against the City, as this would amount to nothing more than a respondeat superior theory of liability, which the Supreme Court expressly rejected in Monell. Since the factual allegations in the Second Amended Complaint fail to show that the drug policy itself was unconstitutional, the Court declines to impose liability on the City on this basis*.

*Sub judice*, Plaintiff affirmatively alleges that he was "*involved in a hit and run accident while he was on duty*" and "*while on a traffic call accident*." [DE 1] at ¶¶ 10-11. The CBA explicitly incorporates the provisions of § 440.102, Fla. Stat., which enumerates the notion that reasonable suspicion drug testing may be based on the fact that an employee was "*involved in an accident while at work*." Fla. Stat. § 440.102(n). As Plaintiff was "involved" in an accident while he was on duty, the subsequent drug test that followed as a result of the accident (including Sandoval's instruction to Plaintiff to take the test ) does not

constitute an unlawful search or seizure under the Fourth Amendment. Count II should be dismissed.

### B.     Qualified immunity bars the 42 U.S.C. § 1983 claim against Sandoval

Qualified immunity protects government officials who perform discretionary functions by shielding them from civil liability as long as the officials' conduct "*does not violate clearly established statutory or constitutional rights of which a reasonable person would have known*." Hudson, 2014 WL 1877412, at *11, citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This doctrine protects *"all but the plainly incompetent or one who is knowingly violating the federal law*." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). It applies "*regardless of whether the government official's error is a 'mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'*" Pearson v. Callahan, 555 U.S. 223, 231 (2009). Since qualified immunity also endows officials with protection from suit, courts must evaluate the validity of the qualified immunity defense "*as early in the lawsuit as possible*." Lee, 284 F. 3d at 1194.

To obtain qualified immunity, a defendant must establish that he was acting within his discretionary authority when the alleged violation occurred. Oliver v. Fiorino, 586 F.3d 898, 905 (11th Cir.2009). To determine whether qualified immunity exists, a court must evaluate (1) whether a plaintiff has alleged a violation of a constitutional right and (2) whether the right at issue was clearly established at the time of the official's conduct. Randall v. Scott, 610 F.3d 701, 715 (11th Cir.2010). Further, to determine whether an official was performing a discretionary duty, the court must consider two issues: (1) whether the official

was performing a legitimate job-related function and (2) whether the official conducted that function through means that were within her power to utilize. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir.2004).

To determine whether a right was clearly established at the time of the alleged violation, the court must consider "*whether it would be clear to a reasonable [city official] that [her] conduct was unlawful in the situation [she] confronted.*" Leslie v. Hancock Cnty. Bd. of Educ., 720 F.3d 1338, 1345 (11th Cir.2013); see also Wilson v. Layne, 526 U.S. 603, 615 (1999) ("*This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.*").

*Sub judice*, the Complaint affirmatively alleges that Sandoval, as Plaintiff's "*supervisor*," "*immediately*" advised Plaintiff to return to the City's police station to get drug tested as a direct result of the accident Plaintiff was involved in. [DE 1] at ¶¶ 10-11, 13. As part of his job-related duties, Sandoval then authored a report regarding the accident. Id. at ¶ 44.

The Complaint does not allege that Sandoval knowingly violating any purported constitutional right or that Sandoval sent Plaintiff to get drug tested for any purpose other than the fact that he had witnessed Plaintiff's involvement in an accident while on duty. Id., generally. At all times relevant, the Complaint establishes that Sandoval was legitimately acting in accord with his job-related duties. Sandoval is entitled to qualified immunity and Count II should be dismissed with prejudice.

WHEREFORE, the Defendant, SERGEANT ALBERT SANDOVAL, respectfully requests entry of an Order dismissing Count II of the Complaint failed by Plaintiff, CHRISTOPHER DWECK, with prejudice, together with such further relief deemed just and proper.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 12th day of September, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

      JOHNSON, ANSELMO, MURDOCH,
      BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant City of Miami Springs and Sergeant Albert Sandoval**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
Railey@jambg.com

BY:   */s/ Jonathan H. Railey*
      CHRISTOPHER J. STEARNS
      Florida Bar No. 557870
      JONATHAN H. RAILEY
      Florida Bar No. 111717

## SERVICE LIST

**RICK YABOR, ESQ.**
LAW OFFICE OF RICK YABOR, P.A.
**Attorneys for Plaintiff**
10689 North Kendal Drive, Suite 321
Miami, Florida 33176
Telephone:   (786) 773-3105
rick.yabor@yaborlaw.com


**SEBASTIAN OHANIAN, ESQ.**
LAW OFFICE OF SEBASTIAN OHANIAN, P.A.
**Attorneys for Plaintiff**
267 Minorca Avenue, Suite 100
Coral Gables, Florida 33134
Telephone:   (786)369-5447
Facsimile:    (786) 369-0915
Sebastian@OhanianLegal.com

---

**CHRISTOPHER J. STEARNS, ESQ.**
**JONATHAN H. RAILEY, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant City of Miami Springs**
**and Sergeant Albert Sandoval**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:    (954) 463-2444
stearns@jambg.com
railey@jambg.com