UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:18-cv-23320-KMW

CHRISTOPHER DWECK,

    Plaintiff,

v.

CITY OF MIAMI SPRINGS, *et. al*

    Defendants.

_____/

### ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT

**THIS MATTER** is before the Court on Plaintiff's, Christopher Dweck, motion to alter judgment pursuant to Rule 59(e), or in the alternative, motion for reconsideration pursuant to Rule 60. (DE 112.) The City filed a response in opposition (DE 113) and Plaintiff filed a reply (DE 114). For the reasons discussed below, the motion (DE 112) is **GRANTED IN PART** and **DENIED IN PART**.

    I.    **BACKGROUND**[1]

This action arises from the termination of Dweck from his employment as a police officer for the City of Miami Springs ("City") after he tested positive for drug use following his involvement in a "hit-and-run" car accident. Plaintiff was given two opportunities to amend his complaint and redress any deficiencies. However, on August 19, 2020, the Court closed the case after dismissing all claims, finding that four out of the six counts could not survive a motion to dismiss.

---

[1] The Court assumes familiarity with the facts and procedural history of the case, which are summarized in the August 19, 2020 Omnibus Order (DE 109).

1

Plaintiff originally filed this lawsuit on August 15, 2018.  In the first complaint, Dweck asserted four counts.  (DE 1.)  In Count I, he raised a 42 U.S.C § 1983 claim against the City based on its alleged failure to adequately train or supervise police officers.  In Count II, Dweck asserted a Section 1983 claim against defendant Sandoval for subjecting him to an unlawful search.  In Count III, Plaintiff asserted a claim against an unknown officer for disseminating his medical records.  In Count IV, Plaintiff asserted a claim for declaratory relief against the City.

On November 16, 2018, Plaintiff filed an amended complaint that made significant changes to the first complaint.  (DE 14.)  For instance, in Count I, Dweck alleged that the City violated his due process rights by terminating him in violation of the Collective Bargaining Agreement and abandoned his inadequate training and supervision theory.  In Count II, Dweck alleged that defendant Sandoval violated his Due Process rights by terminating him in violation of the Collective Bargaining Agreement.  However, he did not allege, as he did in the first complaint, that Sandoval subjected to him an unlawful search.  Dweck also abandoned his claim against the unknown officer and reasserted his declaratory relief claim against the City, this time in Count III.  On September 12, 2019, the Court granted the Defendants' motions to dismiss and allowed Plaintiff one final opportunity to amend his complaint.  (DE 34.)

On October 7, 2019, Plaintiff filed his Second Amended Complaint, which added several new counts and named two new defendants.  (DE 43.)  Plaintiff also changed the basis for his Section 1983 claims against the City and Sandoval.  Dweck asserted claims against two new defendants, Guzman and Gurney, who were named in the lawsuit over two months after the Scheduling Order's deadline to seek leave to join parties had passed.  In Count V, Plaintiff raised a new breach of contract claim against the City,

alleging that it materially breached the Collective Bargaining Agreement by terminating him for a first-time positive drug test. Plaintiff characterized this claim as arising under state law and explained that "[t]his Court has pendant jurisdiction over a state breach of contract claim as it arises from the same common nucleus of facts as the federal constitutional questions." (*Id.* at 13.)

On August 19, 2020, this Court issued an omnibus order granting Defendants' motions to dismiss as to Counts II-IV and VI and granting the City's motion for summary judgment as to Count I. (DE 109.) With the Section 1983 claims dismissed, the Court declined to exercise supplemental jurisdiction over the breach of contract claim pursuant to 28 U.S.C. § 1367(c)(3) and dismissed it without prejudice. On August 25, 2020, the Court entered final judgment in favor of the City and Sandoval. (DE 111.)

On September 2, 2020, Plaintiff filed the instant motion requesting that the Court vacate the dismissal of Count V pursuant to Rules 59(e) and 60. (DE 112.) He claims that it was improper for the Court to decline to exercise supplemental jurisdiction over this claim because it arises under federal law. He explains that "[d]espite the complaint labeling Mr. Dweck's breach of contract as a 'state law' claim, his cause of action is undoubtedly a federal claim." (*Id.* at 5.) Plaintiff contends that because his breach of contract claim is based on the City's alleged breach of the Collective Bargaining Agreement, it is preempted by the Labor Management Relations Act § 301 ("Section 301") and is therefore actually a federal claim.

In its response, the City explains that throughout this litigation, Plaintiff has consistently characterized Count V as a state law claim. It notes that Count V was pled as a state breach of contract claim in the Second Amended Complaint and that Dweck continued to represent it as such in his motion for summary judgment. The City explains

3

"Plaintiff has never asserted that federal labor principles apply and has never otherwise suggested or articulated that federal question jurisdiction exists over Count V." (DE 113 at 7.)  The City argues that it is improper for Dweck to identify Count V as a federal claim at this juncture, because a party may not change his theory of the case or present new arguments in a Rule 59(e) or Rule 60 motion.

## II.     LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure provides that a party subject to an adverse judgment may file a motion to alter or amend such judgment.  A motion pursuant to Rule 59(e) must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Perez v. Palermo Seafood, Inc.*, 2008 WL 7505704, at *1 (S.D. Fla. May 8, 2008) (citations omitted).  "The decision whether to grant or deny a Rule 59(e) motion is discretionary." *Id.* "Generally, there are three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Id.*; *see also Abanto v. Hayt, Hayt & Landau, P.L.*, 2012 WL 5058737, at *1 (S.D. Fla. Oct. 18, 2012).

Under Rule 60(b), the Court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. Rule 60(b).

4

It is inappropriate for the Court to consider new arguments raised for the first time in a Rule 59(e) or Rule 60 motion. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009).

### III.   **DISCUSSION**

The City argues that Plaintiff's motion should be denied because it is based on an argument that was not previously asserted. It contends that because Dweck did not previously characterize his state breach of contract claim as a federal claim, he may not do so for the first time now.[2] The Court need not decide whether this argument is waived because even if Count V arises under federal law as Plaintiff claims, Dweck is not entitled to his requested relief of the reinstatement of this claim.

Section 301 provides for federal jurisdiction of disputes arising under collective bargaining agreements. This provision preempts all state law claims that "either arise[ ] out of a CBA or is dependent upon the meaning of a CBA." *Atwater v. Nat'l Football League Players Ass'n*, 626 F.3d 1170, 1177 (11th Cir. 2010); *see also Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985). Section 301 governs all claims "founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams,* 482 U.S. 386, 394 (1987) (citation omitted). Thus, "state law does not

---

[2] It is true that Plaintiff did not previously identify his breach of contract claim as a federal claim. However, in light of the complete preemption doctrine, the Court is reluctant to find that this argument is waived. Plaintiff was not required to affirmatively plead this claim as arising under federal law in his second amended complaint or in a previous submission for it to be considered a Section 301 claim. *See Baptist Hosp. of Miami, Inc. v. Timke*, 832 F. Supp. 338, 340 (S.D. Fla. 1993) ("An exception to the well-pleaded complaint rule, known as 'the complete preemption doctrine,' applies when 'the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987)).

exist as an independent source of private rights to enforce collective bargaining contracts." *Id.* (internal citation and brackets omitted). "The preemptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.' Any such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 23 (1983).

The Court finds that Count V is preempted by Section 301 because it is based on the City's alleged breach of the Collective Bargaining Agreement. Dweck pleads: "Defendant Miami Springs materially breached the Collective Bargaining Agreement by terminating Plaintiff Dweck for a first-time positive drug test rather than allowing him to exercise his right to be placed in the Employee Assistance Program and treatment." (DE 43 at 13.) *See Roberts v. Walt Disney World Co.*, 908 F. Supp. 913, 916 (M.D. Fla. 1995) ("federal labor law preempts state law actions alleging breach of a collective bargaining agreement."). Because Count V is preempted under Section 301, in his motion to reconsider Plaintiff correctly identifies the claim as arising under federal law, even though it was originally characterized and consistently pled as a state law claim.[3] *See Caterpillar Inc.*, 482 U.S. at 393 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").

---

[3] Accordingly, the Court amends the omnibus order by **VACATING** the dismissal of Count V pursuant to 28 U.S.C. § 1367(c)(3). However, as discussed *infra*, Count V remains **DISMISSED WITHOUT PREJUDICE** as preempted under Section 301.

6

When a court determines that a state law claim is preempted by Section 301, it has the discretion to either: (1) convert it into a Section 301 claim and allow it to proceed as such or (2) dismiss it as preempted. The Supreme Court has explained, "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as pre-empted by federal labor-contract law." *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985); *Bommicino v. Gen. Motors, LLC*, 2012 WL 1029389, at *6 (N.D. Ga. Mar. 26, 2012) ("Where preemption applies, the Court may either recharacterize the claim as a Section 301 claim, or dismiss the claim as preempted."). Courts have routinely dismissed state law claims that are preempted by Section 301. *See Roberts*, 908 F. Supp. at 916 ("The Court dismisses the second count, because federal labor law preempts state law actions alleging breach of a collective bargaining agreement."); *Gen. Prods., LLC v. I.A.T.S.E. Local 479*, 981 F. Supp. 2d 1357, 1365 (N.D. Ga. 2013); *see also Instituto de Prevision Militar v. Lehman Bros.*, 485 F. Supp. 2d 1340, 1347 (S.D. Fla. 2007) (sua sponte dismissing a preempted state law claim).

Because of statute of limitation concerns, Plaintiff urges the Court to reinstate Count V and allow it to proceed as a recharacterized Section 301 claim. He contends that he is barred from refiling this claim in another judicial forum in light of the Labor Management Relations Act's six-month statute of limitations. (DE 43.) This argument is untenable because the six-month limitations period only applies to "hybrid" claims, which comprise of "two causes of action." *Coppage v. U.S. Postal Serv.*, 281 F.3d 1200, 1204 (11th Cir. 2002) (citing *Delcostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983)). "The first cause of action involved is against the employer for breach of the

7

collective bargaining agreement." *Id.* "The second claim is against the union for breach of the union's duty of fair representation." *Id.*

Here, Count V is not a "hybrid" claim because Plaintiff has not alleged that the union breached its duty of fair representation. *See Moon v. Goodyear Tire & Rubber Co.*, 2012 WL 4479249, at *5 (N.D. Ala. Sept. 25, 2012), *aff'd sub nom. Moon v. Goodyear Tire & Rubber Co.*, 519 F. App'x 620 (11th Cir. 2013) ("Mr. Moon's claims against Goodyear contained in the Amended Complaint do not plead a fair representation claim against the union. Because Mr. Moon's claims against Goodyear are not a § 301 hybrid claim, the six month statute of limitations does not apply."); *Davis v. Asti, Inc.*, 180 F. Supp. 2d 1314, 1319 (S.D. Fla. 2001) ("If Plaintiff's § 301 claims are based only on contractual duties, and are not dependent on federal labor law, then they are governed by the state statute of limitations. If, on the other hand, Plaintiff's claims depend on showing that the Union breached its federally-imposed duty of fair representation, then the applicable statute of limitations is that provided in § 10(b) of the National Labor Relations Act."); *see also Ta v. Gen. Dynamics-Convair*, 937 F.2d 614 (9th Cir. 1991). Because Plaintiff's claim is not "hybrid," but a straightforward claim for breach of the Collective Bargaining Agreement by the City, it is governed by Florida's four-year statute of limitations for breach of contract. *See King v. Bencie*, 806 F. App'x 873, 875 (11th Cir. 2020). Accordingly, Plaintiff is not time-barred from pursuing this claim in another forum.

Putting aside his statute of limitation argument, Dweck has advanced no other reason why the Court should reinstate Count V. Plaintiff had the opportunity to amend his complaint twice; in the order dismissing the first amended complaint, the Court made clear that he was being given one final opportunity. (DE 34.) Nonetheless, Plaintiff pled Count V simply as a "state breach of contract claim." (DE 43 at 12.) Not only has Plaintiff

failed to articulate that his claim is governed by Section 301, he has also failed to allege in the Second Amended Complaint that he has either fully exhausted the contractual remedies under the Collective Bargaining Agreement or that an exception to Section 301's exhaustion requirement applies.  *See*, *e.g.*, *Jackson v. First Student Mgmt., LLC*, 2017 WL 10874175, at *6 (M.D. Fla. Apr. 20, 2017) (declining to recharacterize preempted state law claims as Section 301 claims and dismissing them without prejudice because the complaint failed to sufficiently allege exhaustion of contractual remedies); *Rael v. Smith's Food & Drug Centers, Inc.*, 2016 WL 10179339, at *6 (D.N.M. Sept. 19, 2016), *aff'd*, 712 F. App'x 802 (10th Cir. 2017) (same); *Osan v. Verizon Fla. LLC*, 2016 WL 2745001, at *3 (M.D. Fla. May 11, 2016) ("an employee must exhaust the grievance procedures provided in a CBA before bringing a claim under Section 301 of the LMRA."). Consequently, the Court finds that reinstating the action pursuant to a recharacterized Section 301 claim at this juncture would not be appropriate.  Therefore, Count V of the Second Amended Complaint remains **DISMISSED WITHOUT PREJUDICE.**

    **DONE AND ORDERED** in Chambers in Miami, Florida, this 14th day of October, 2020.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE